IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUINCY BLAKELY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:18-CV-3229-B (BH) |
| § | |
| STEVEN ANDRADE, et al., § | |
| Respondents. § | Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* habeas case has been automatically referred for full case management. Before the Court is the *Petition for Writ of Habeas Corpus*, filed on December 6, 2018. (*See* doc. 3.) Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

### I. BACKGROUND

Quincy Blakely (Petitioner) filed a *pro se* action under 42 U.S.C. § 1983 against several law enforcement officials alleging violation of his civil rights during a traffic stop that occurred on March 14, 2015. *See Blakely et al v. Andrade et al.*, No. 3:17-CV-745-B (N.D. Tex.). As a result of that stop, he was indicted by a grand jury for assaulting a public servant on September 4, 2015. *See State of Tex. v. Quincy Blakely*, No. F15-18020-M (194th Dist. Ct., Dallas County, Tex. Apr. 9, 2015). His initial trial was held on May 18, 2018, but resulted in a mistrial after the jury was unable to reach a verdict. *See id*. His new trial was set for December 10, 2018. *See id*.

On December 6, 2018, it was recommended that the defendants' motion to dismiss the civil lawsuit be granted in part and denied in part, that the remaining claims be stayed pending the outcome of the trial, and that Petitioner's motion and claim for injunctive relief be denied

based on the *Younger*[1] abstention doctrine. (*See* No. 3:17-CV-745-B, doc. 164). That same day, Petitioner filed a petition for writ of habeas corpus, a supporting affidavit, and an emergency motion to stay his state court criminal proceedings pending a ruling on his habeas petition. (*Id.*, docs. 161-63.)

By order dated December 7, 2018, Petitioner's habeas claims were severed from the civil rights action and opened as this new habeas case under 28 U.S.C. § 2241. (*Id.*, doc. 166.) The order also notified Petitioner that he had not filed his § 2241 petition on the appropriate form for that type of action, and he had not either paid the filing fee for a habeas case under § 2241 or submitted a request to proceed *in forma pauperis* (IFP). (*See* doc. 1.) He was ordered to complete and return the enclosed form for actions filed under § 2241 within thirty (30) days from the date of the order, and to either pay the filing fee or submit an IFP motion. (*Id.*) The order specifically notified Petitioner that failure to comply could result in dismissal of his case. (*Id.*)

On December 26, 2018, Petitioner paid the $5.00 filing fee, but did not file his petition on the proper form. By order dated December 27, 2018, he was notified that despite payment of the fee, he was still required to comply with the December 7, 2018 order by filing his petition on the proper form within 30 days of that date. (*See* doc. 6.) The order specifically notified Petitioner that failure to comply with the order could result in dismissal of the case. (*See id.*) Petitioner still failed to timely file his petition on the proper form.

By order dated January 8, 2019, Petitioner was again ordered to file his § 2241 petition on the appropriate form within 14 days. (*See* doc. 7.) The order again specifically notified him that failure to comply with the order could result in dismissal of the case. (*See id.*) More than 14

---

[1] The doctrine takes its name from *Younger v. Harris*, 401 U.S. 37 (1971).

days from the date of that order have passed, but Petitioner still not filed his petition on the proper form or filed anything else.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Despite ample opportunity to file his § 2241 petition on the appropriate form and fair notice that failure to do so could result in the dismissal of the case, Petitioner has failed to comply with three court orders, and he has not filed anything else in the case. Because Petitioner has failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This habeas case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless Petitioner files his § 2241 petition on the appropriate form within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED** on this 4th day of March, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE